06-5502-cr
United States v. Martinez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: May 5, 2008)                                                      Decided: May 9, 2008)

Docket No. 06-5502-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

*-v.-*

DAVID MARTINEZ,

*Defendant-Appellant.*

_____

BEFORE:            WINTER and HALL, *Circuit Judges*, and KRAVITZ, *District Judge.*[*]

Appeal from the judgment of the United States District Court for the Southern District of New York (Preska, *Judge*) declining to re-sentence Defendant-Appellant after this Court's remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Defendant-Appellant pleaded guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At Defendant-Appellant's sentencing, the district court applied a four-level enhancement to his base offense level after finding, by a preponderance of the evidence, that Defendant-Appellant had used or possessed the firearm in connection with another felony offense. Because we hold that the district court applied the correct standard of proof to the facts supporting the enhancement, we also hold that the sentence imposed by the district court was reasonable. Finally, we hold that the doctrine of constitutional avoidance does not apply to invalidate the sentence imposed in this case. We affirm.

_____

[*] The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

DONNA NEWMAN, Law Office of Donna Newman, Esq., New York, New York, *for Defendant-Appellant.*

PARVIN DAPHNE MOYNE, Assistant United States Attorney, Southern District of New York (Cathy Seibel, Deputy United States Attorney, *on the brief*), for Michael J, Garcia, United States Attorney, Southern District of New York, New York, *for Appellee.*

PER CURIAM:

David Martinez appeals from the order of the district court declining to re-sentence him after this Court's remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On appeal, Martinez argues that the district court improperly relied on facts determined by a preponderance of the evidence in applying a four-level enhancement pursuant to former Section 2K2.1(b)(5) of the United States Sentencing Guidelines to Martinez's base offense level. Martinez also argues that the doctrine of constitutional avoidance requires this Court to determine that the district court erred in applying other than a reasonable doubt standard to the facts relevant to the sentencing enhancement. We disagree, and hold that the district court did not err in applying a preponderance of the evidence standard to the facts establishing the enhancement.

**I. Background**

In May 2002, the Government filed an indictment charging Martinez with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In December 2002, Martinez pleaded guilty to the single count alleged in the indictment. At his plea hearing, Martinez described his conduct with respect to the offense by stating, "On January 2 [2002] in the Bronx I was in possession of a weapon and I was– I'm a past felon and I knew that was against the law."

Following Martinez's plea, the Probation Office prepared a Pre-Sentence Investigation

2

Report ("PSR"), which calculated Martinez's base offense level under the United States Sentencing Guidelines ("USSG" or "Guidelines") to be 20, pursuant to § 2K2.1(a)(4)(A), and his adjusted offense level to be 23, after: (1) a four-level increase, pursuant to § 2K2.1(b)(5),[1] because Martinez had used the firearm in connection with other felony offenses; (2) a two-level increase, pursuant to § 3C1.1, because Martinez had obstructed justice during the course of the investigation and prosecution of the offense; and (3) a three-level decrease, pursuant to § 3E1.1, because Martinez had timely accepted responsibility for the offense. The Probation Department determined that Martinez had 13 criminal history points, resulting in a Criminal History Category of VI, and Guidelines range of 92 to 115 months.

Thereafter, the district court conducted a hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), where it heard evidence relating to the enhancements suggested in the PSR. At a sentencing hearing conducted in April 2004, the district court determined, based on the evidence offered at the *Fatico* hearing, that, on the night of the offense alleged in the indictment, Martinez had taken the weapon in question to an apartment in the Bronx with the intention of assaulting Sonya Green. The court noted that "[t]here is no dispute that a violent fight broke out, starting with [Martinez] punching Ms. Green in the face, and that after Ms.

---

[1] The PSR relied on the 2002 version of the Guidelines. Section 2K2.1 has since been renumbered and, in the 2007 version of the Guidelines, the provision allowing for a 4-level enhancement based on the defendant's use of the firearm in connection with other felonies is contained in § 2K2.1(b)(6). The text of the section requiring the enhancement is the same in both versions:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

U.S.S.G. § 2K2.1(b)(5) (2002); U.S.S.G. § 2K2.1(b)(6) (2007).

Green was bleeding and excited and frightened and running about, [Martinez] pointed a gun at her as she ran away." The court concluded that Martinez had "possessed and used [the gun] in connection with reckless endangerment in the first degree." Further, the court relied on testimony given at the *Fatico* hearing that Martinez had gone to Green's apartment "to collect on a drug debt," and concluded that "it is clear and it [has] been established that [Martinez] possessed his gun in connection with a narcotics conspiracy and narcotics distribution . . . both felonies under federal law." Accordingly, the court determined that the 4-level enhancement for using the firearm in connection with another felony was appropriate.

The district court also concluded that Martinez had obstructed justice during the investigation and prosecution of the offense by lying to the New York City police detective investigating the offense. Accordingly, the district court determined that "a total offense level of 23 is appropriate," and sentenced Martinez to a 115-month term of imprisonment, followed by a three-year term of supervised release. Martinez appealed and, pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), this Court remanded the case for the district court to consider whether, in light of *United States v. Booker*, 543 U.S. 220 (2005), it would resentence Martinez.

On remand, in support of resentencing, Martinez argued that, *inter alia*, the Fifth Amendment required the district court to apply a reasonable doubt standard of proof to the facts establishing that he had used the firearm in connection with another felony. In November 2006, the district court issued an endorsement order declining to resentence Martinez.

This appeal followed.

## II. Discussion

### A.       Evidentiary Standard

On appeal, Martinez does not argue that due process requires a district court to apply a

reasonable doubt standard to facts supporting all sentence enhancements. Rather, Martinez argues that, because the enhancement applied to his base offense level required the district court to determine that he had committed a new and separate offense, the Fifth Amendment requires that the district court apply a reasonable doubt standard to the facts supporting that enhancement.

This Court has not yet considered whether the due process right to proof beyond a reasonable doubt attaches to facts relevant to a Guidelines sentence when those facts constitute a separate offense. The single Circuit that has considered the question has answered it in the negative. *See United States v. Grier*, 475 F.3d 556, 567-68 (3d Cir. 2007). In *Grier*, the defendant, who was subject to the same sentence enhancement at issue here, raised the evidentiary standard argument that Martinez advances here. In rejecting the argument and affirming the district court's application of the preponderance of the evidence standard, the Third Circuit began by noting that, after *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a defendant is entitled to proof beyond a reasonable doubt on any facts constituting elements of a crime, those "that increase the maximum punishment to which the defendant is exposed under governing law." *Id*. at 562 (citing *Apprendi*, 530 U.S. at 490). The Third Circuit acknowledged the constitutional problem created by *Apprendi* and its application to the Sentencing Guidelines. *Id*. at 563 (citing *United States v. Booker*, 543 U.S. 220, 233-35 (2005)). The court observed, however, that the Supreme Court had "resolved this problem" with its decision in *Booker*, when it severed and excised the two statutory provisions that created and enforced the mandatory application of the Guidelines, thus rendering the Guidelines advisory. *Id*. at 563-65 ("The only change is that the final Guidelines range does not bind the district court, but merely serves as one of a number of factors to be considered in fashioning the ultimate sentence.").

According to the Third Circuit, "[p]ost-*Booker*, the punishments chosen by Congress in the United States Code determine the statutory maximum for a crime," and, "[n]one of the facts

5

relevant to enhancements or departures under the Guidelines can increase the maximum punishment to which the defendant is exposed." *Id*. at 565-66. The Court concluded that, like all facts relevant to application of the Guidelines, facts that constitute a separate offense do not implicate the rights to a jury trial and proof beyond a reasonable doubt because, under an advisory Guidelines system, those facts do not increase the maximum punishment to which a defendant is exposed. *Id*. at 567. Rather, the Third Circuit noted, facts that constitute a separate offense "inform the district court's discretion without limiting its authority. They therefore do not constitute 'elements' of a 'crime' under the rationale of *Apprendi* and do not implicate the rights to a jury trial and proof beyond a reasonable doubt." *Id*. at 567-68.

Although this Court has not addressed the specific issue presented here, our post-*Booker* jurisprudence addressing the standard of evidence applicable to facts relevant to Guidelines sentences supports the reasoning of the Third Circuit, and compels us to adopt the holding of *Grier*. This Court has determined that, "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*," *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005), and that, "with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection," *Crosby*, 397 F.3d at 112. Nothing in this Court's jurisprudence suggests any basis for applying a different evidentiary standard to relevant facts merely because they constitute a separate offense, so long as those facts do not increase the maximum statutory punishment to which a defendant is exposed.

This reasoning is reinforced by our decision in *United States v. Vaughn*, 430 F.3d 518, 525-26 (2d Cir. 2005), where this Court rejected the defendants' argument that, after *Booker*, district courts could no longer take acquitted conduct into account in determining defendants' sentences. In that case, we observed that the defendants' "argument misse[d] the distinction

6

between elements of an offense and facts relevant to sentencing. Elements of an offense must be tried to a jury, but facts relevant to sentencing may be found by a judge, within the constraints of the Sixth Amendment." *Vaughn*, 430 F.3d at 526. Accordingly, in *Vaughn*, we concluded that the district court had not erred in relying on acquitted conduct in determining the defendants' sentence because that court had "sentenced [defendants] within the statutory range authorized by the jury verdict and within the Guidelines range determined in accordance with the facts the court found by a preponderance of the evidence." *Id*. at 527.

Here, Martinez argues that the district court's reliance on his use of the firearm in connection with a separate offense to enhance his sentence "stripped" him of the presumption of innocence with respect to that other offense. However, as in *Vaughn*, Martinez's argument "misses the distinction between elements of an offense and facts relevant to sentencing." The district court did not sentence Martinez for the separate offense; rather that separate offense was relevant to the sentence imposed based on Martinez's violation of § 922(g)(1). Martinez's sentence, moreover, was not in excess of the 10-year term provided for in § 924(a)(2) for violations of § 922(g)(1). Accordingly, Martinez's argument that the facts relevant to the enhancement at issue in this case should have been subject to a higher standard of proof lacks merit. The district court properly applied the preponderance of the evidence standard to the relevant facts in this case.

**B.    Constitutional Avoidance**

Martinez argues that the doctrine of "Constitutional Avoidance" requires this Court to direct the district court to apply the reasonable doubt standard to facts relevant to the § 2K2.1(b)(5) enhancement at issue here. The Government argues that the doctrine does not apply because the question in this case does not involve statutory interpretation. The Supreme Court has described the doctrine of constitutional avoidance as "a tool for choosing between competing

plausible interpretations of a statutory text, resting on the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts." *Clark v. Martinez*, 543 U.S. 371, 380-81 (2005). Under the doctrine, when a court is confronted with two plausible constructions of a statute, one of which "would raise a multitude of constitutional problems," that court must adopt the construction that avoids the constitutional issues. *Id*. at 380.

In this case, Martinez does not specify the statute that is allegedly subject to multiple interpretations such that this Court must apply the doctrine of constitutional avoidance. Rather, his argument can be construed to require this Court to avoid the constitutional problems he alleges are caused by the district court's reliance on a preponderance of the evidence by requiring the application of a reasonable doubt standard. Because resolution of these issues does not require this Court to interpret any statute, this case does not invite the application of the doctrine of constitutional avoidance. Further, as discussed above, the district court's application of the preponderance of the evidence standard in this case presents no constitutional problems. Accordingly, the doctrine of constitutional avoidance presents no basis for disturbing the district court's judgment in this case.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court insofar as it applied a preponderance of the evidence standard to the facts relevant to the enhancement under Guidelines § 2K2.1(b)(5). We dispose of Martinez's remaining claim in an accompanying summary order.