NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 15, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3765

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 03 CR 1109 |
| TERRENCE SLAUGHTER., | |
| *Defendant-Appellant*. | George W. Lindberg, *Judge*. |

**O R D E R**

Terrence Slaughter asks us to repudiate our established case law holding that a sentencing judge may find the facts it uses to calculate an advisory guidelines range by a preponderance of the evidence. In 2003 police officers arrested Slaughter after seeing him carry two rifles from the home of a retired sergeant of the Illinois State Police who was under surveillance. The officers stopped Slaughter's vehicle and discovered eight firearms

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

in his car. During post-arrest interviews Slaughter admitted to stealing a total of 33 to 38 guns from the police sergeant's home and selling some of the firearms to known gang members. Slaughter pleaded guilty, without a plea agreement, to being a felon in possession of a firearm, *see* 18 U.S.C § 922(g)(1), and possessing stolen firearms, *see Id.* § 922(j). A probation officer determined Slaughter's base offense level to be 20, *see* U.S.S.G. § 2K2.1(a)(4)(A), applied a six-level increase because the offense involved between 25 and 99 firearms, *see id.* § 2K2.1(b)(1)(C), a two-level increase because some of the firearms were stolen, *see id.* § 2K2.1(b)(4)(A), a four-level increase for possessing or transferring a firearm with reason to believe that they would be used in connection with another felony offense, *see id.* § 2K2.1(b)(6), and a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1. The probation officer determined Slaughter's total offense level to be 29 and his criminal history category to be VI, producing a guidelines range of 151 to 188 months' imprisonment.

The sentencing judge adopted the probation officer's calculations, finding that the government had proven the facts underlying the sentencing enhancements by a preponderance of the evidence. After considering the sentencing factors under 18 U.S.C. § 3553(a), the judge imposed the statutory maximum prison term of 120 months on the first count and a consecutive term of 68 additional months on the second count for a total prison term of 188 months—the high end of the advisory range.

Slaughter's only argument on appeal is that his sentence violated his Fifth Amendment right to due process because the district court found facts that significantly increased his sentence using the preponderance-of-the-evidence standard as opposed to the beyond-a-reasonable-doubt standard. We review Slaughter's constitutional challenge de novo. *United States v. Hollins*, 498 F.3d 622, 629 (7th Cir. 2007).

We have repeatedly held that "district court judges do not violate the Constitution when they find facts by a preponderance of the evidence for purposes of calculating a guideline range, as long as the guidelines remain advisory and the ultimate decision is based on consideration of the § 3553(a) factors." *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008); *see also United States v. Martinez*, 520 F.3d 749, 752 n.1 (7th Cir. 2008); *United States v. Seymour*, 519 F.3d 700, 710 (7th Cir. 2008). Moreover, all of our sister circuits allow district judges to enhance sentences based on facts found by a mere preponderance of the evidence as long as they do not increase the statutory maximum. *See United States v. Bras*, 483 F.3d 103, 107 (D.C. Cir. 2007); *United States v. Curran*, 525 F.3d 74, 84-85 (1st Cir. 2008); *United States v. Martinez*, 525 F.3d 211, 215 (2d Cir. 2008); *United States v. Fisher*, 502 F.3d 293, 306 (3d Cir. 2007); *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008); *United States v. Fambro*, 526 F.3d 836, 851 & n.96 (5th Cir. 2008); *United States v. Brika*, 519 F.3d 700, 710 (6th Cir. 2008); *United States v. Phillips*, 506 F.3d 685, 688 (8th Cir. 2007); *United States v. Moreland*,

509 F.3d 1201, 1220 (9th Cir. 2007); *United States v. Ellis*, 525 F.3d 960, 966 (10th Cir. 2008); *United States v. Douglas*, 489 F.3d 1117, 1129 (11th Cir. 2007).  Slaughter admits that our current case law forecloses his claim.  We have rejected Slaughter's only argument in previous cases, and we have no reason to revisit the issue now.

AFFIRMED.