UNITED STATES of America,
Appellee,

v.

Henry TITO, Joel Zamot, Christian Balseca, Salvador Otero, also known as Pat Papo, Christopher Gervasi, Melvin Johnson, Alvin Sanchez, Frankie Gonzalez, Yavier Coraleing, Rahmel Kinnard, Eva Rodriguez, Magdalia Silva, Robert Bonilla, Reynaldo Rodriguez, Pablo Brito, Defendants,

Victor Martinez, also known as Butchie, Defendant–Appellant.

No. 08–1193–cr.

United States Court of Appeals, Second Circuit.

March 3, 2009.

Samuel M. Braverman, Bronx, NY, for Defendant–Appellant.

Christopher L. Lavigne (John T. Zach, Jonathan S. Kolodner, of counsel), Assistant United States Attorneys for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. AMALYA L. KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. JOSEPH F. BIANCO, District Judge.*

**SUMMARY ORDER**

The defendant-appellant Victor Martinez appeals from a judgment of the United States District Court for the Southern District of New York (Patterson, *J.*) convicting defendant, following a jury trial, of one count of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentencing defendant principally to

262 months' imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Martinez first argues that the district court deprived him of a fair trial by interrupting defense counsel's summation on three separate occasions, thus usurping the jury's role as factfinder and displaying bias against Martinez. In evaluating this claim, we consider whether

> the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial. Th[is] court's role is not to determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. The test is whether the jury was so impressed with the judge's partiality to the prosecution that it became a factor in determining the defendant's guilt, or whether it appear[ed] clear to the jury that the court believe[d] the accused is guilty.

*United States v. Amiel,* 95 F.3d 135, 146 (2d Cir.1996) (citations and internal quotation marks omitted). This determination is made on a review of "the entire record." *United States v. Tocco,* 135 F.3d 116, 129 (2d Cir.1998). An instruction clarifying for the jury the respective roles of the jury and the district court may counterbalance any potential prejudice. *See, e.g., United States v. Manko,* 979 F.2d 900, 905–08 (2d Cir.1992) (holding that, despite several "disturbing" incidents, the district court's conduct did not deprive the defendant of a fair trial, in part because "the court properly instructed the jury that the jury's view of the evidence controlled, regardless of what the court said").

The district court's comments during defense counsel's summation did not deprive Martinez of a fair trial. First, the district court's comments did not display any bias against Martinez—the district court was merely seeking clarification of certain factual issues, something that it did during the government's opening and rebuttal summations as well. Second, even assuming that the district court's comments displayed some bias against the defense, the jury would not have been so impressed by the district court's partiality that it would have affected the verdict. The comments were mild, and during each of the three interruptions of defense counsel's summation, the district court explicitly told the jurors that it was the jury's recollection of the evidence that governed, not counsel's or the court's. The district court repeated that instruction in its general jury instructions. In the context of the entire record, including these proper jury instructions, the three interruptions Martinez identifies do not evince such prejudice against the defense that Martinez was deprived of a fair trial.

Martinez also argues that the district court violated his Sixth Amendment right to a jury trial by finding that he was responsible for three to ten kilograms of heroin, thereby exposing Martinez to a higher Guidelines range than that to which he would have been exposed had the district court relied only on the jury's finding that Martinez was responsible for one or more kilograms of heroin. However, "[t]his Court has determined that[ ] '[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives Booker,' and that[ ] 'with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection.'" *United States v. Martinez,* 525 F.3d 211, 215 (2d Cir.2008) (third alteration in original) (citations omitted) (quoting *United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005) and *Unit-*

*ed States v. Crosby,* 397 F.3d 103, 112 (2d Cir.2005)). Accordingly, Martinez's argument fails.[1]

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

**1.** In a *pro se* submission, Martinez argues that his right to a jury trial was also violated when the district court found that he was a leader of the conspiracy, a finding that the jury had not made. This argument fails for the same

reason that Martinez's counseled argument regarding drug weight fails.

