08-6204-cr
United States v. Noble

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
   GERARD E. LYNCH,
      *Circuit Judges*,
   MARK R. KRAVITZ,
      *District Judge.*[*]

_____

UNITED STATES OF AMERICA,
     *Appellee*,

  - v. -          (08-6204-cr)

BRYAN NOBLE,
     *Defendant-Appellant.*[**]

_____

Appearing for Appellant:  SAMUEL M. BRAVERMAN, Law Office
          of Samuel M. Braverman, Bronx,

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

1

New York.

Appearing for Appellee:     RICHARD C. TARLOWE and IRIS LAN,
                            Assistant United States
                            Attorneys, *for* Preet Bharara,
                            United States Attorney for the
                            Southern District of New York,
                            New York, New York.


Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED,** except that Appellant's claim that his former counsel rendered ineffective assistance by failing to request a hearing to establish facts relevant to an applicable sentencing enhancement is **DISMISSED WITHOUT PREJUDICE.**

Defendant-Appellant Bryan Noble appeals from a judgment of conviction entered on December 10, 2008 in the United States District Court for the Southern District of New York. The judgment was entered following a guilty plea before Judge Richard J. Sullivan. Noble was indicted on April 11, 2007 with one count of possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Noble pled guilty without a plea

agreement. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Appellant was sentenced principally to a term of imprisonment of 120 months, the statutory maximum, to be followed by a term of supervised release of three years. Noting explicitly that the Sentencing Guidelines are advisory, the district court found that U.S.S.G. § 2K2.1(a)(2) set out the applicable base offense level because Appellant committed the instant crime after sustaining two felony convictions involving controlled substances. The court determined that a four-level enhancement was warranted because the weapon involved in the charged offense had a defaced serial number. U.S.S.G. § 2K2.1(b)(4). The court further determined that a second four-level enhancement was applicable because Appellant "used or possessed" the firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). A three-level reduction was applied because of Appellant's acceptance of responsibility and timely notice of his intent to enter a guilty plea. U.S.S.G. §§ 3E1.1(a) and (b).

Appellant's contention that his Fifth and Sixth

3

Amendment rights were violated when the district court found facts required to apply the relevant sentencing enhancements is without merit. *See United States v. Legros*, 529 F.3d 470, 477 (2d Cir. 2008); *United States v. Martinez*, 525 F.3d 211, 214-15 (2d Cir. 2008) (per curiam). The argument that the factual underpinning that supports the application of a sentencing enhancement must be found by a jury beyond a reasonable doubt has been foreclosed in our Circuit. *See, e.g.*, *Martinez*, 525 F.3d at 214-15; *United States v. Guang*, 511 F.3d 110, 121-22 (2d Cir. 2007).

Noble's argument based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) fails because "[n]othing in this Court's jurisprudence suggests any basis for applying a different evidentiary standard to relevant facts merely because they constitute a separate offense, so long as those facts do not increase the maximum statutory punishment to which a defendant is exposed." *Martinez*, 525 F.3d at 215. As the government argues in its brief to this Court, Appellant's argument obscures the distinction between facts that enhance the advisory Guideline's range and facts that increase a defendant's statutory maximum punishment.

Appellant argues that his former counsel provided him

4

with ineffective assistance. Appellant raises two principal contentions in this regard. First, that his then-counsel failed to argue that the district court lacked the authority to impose a sentencing enhancement under the Guidelines absent a jury finding of the underlying facts beyond a reasonable doubt. Second, that his former counsel was ineffective because he failed to request a factfinding hearing, *see United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), to establish whether the sentencing enhancement imposed pursuant to U.S.S.G. § 2K2.1(b)(6) was warranted.

This Court has "expressed a baseline aversion to resolving ineffectiveness claims on direct appeal." *United States v. Pena*, 233 F.3d 170, 173 (2d Cir. 2000) (internal quotation marks omitted). In order to prevail on a claim of ineffective assistance, Appellant must "establish deficient performance and prejudice." *Knowles v. Mirzayance*, — U.S. —, 129 S. Ct. 1411, 1420 (2009).

Appellant's first basis for his ineffective assistance of counsel claim can be rejected based on the above discussion. An attorney's "[f]ailure to make a meritless argument does not amount to ineffective assistance." *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999). We

5

decline to reach the merits of Appellant's second basis for his ineffectiveness claim. Rather, we dismiss this portion of Appellant's claim without prejudice so that he remains free to raise it in subsequent 28 U.S.C. § 2255 motion. As the Supreme Court has noted, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In this case, any claim that counsel's failure to ask for a hearing was a serious error constituting deficient performance, and that such error prejudiced Appellant — both of which would be required to establish a claim of ineffective assistance, *see Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984) — would require evidence that counsel was or reasonably should have been aware that a hearing could have benefitted Appellant. As any evidence to support these findings would have to come from outside the present record, the issue is best presented in a post-trial application, in which Appellant could present any such evidence that might exist.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**, except that Appellant's claim that

6

his counsel rendered ineffective assistance by failing to request a hearing to establish facts relevant to an applicable sentencing enhancement is **DISMISSED WITHOUT PREJUDICE.**

For the Court
Catherine O'Hagan Wolfe, Clerk