08-1863-cr; 08-2194-cr
United States v. Wei

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT:   REENA RAGGI,
              PETER W. HALL,
                 *Circuit Judges*.[*]

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,

      v.                    Nos.   08-1863-cr (L)
                                     08-2194-cr (CON)

SHI YONG WEI, LIN GUANG,
                *Defendants-Appellants*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:      ALAN M. NELSON, Lake Success, New York, *for* Defendant-Appellant Shi Yong Wei.

                                      JONATHAN I. EDELSTEIN, New York, New York, *for* Defendant-Appellant Lin Guang.

APPEARING FOR APPELLEE:       JENNIFER G. RODGERS, Assistant United

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

States Attorney (Miriam E. Rocah, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 10, 2008, is AFFIRMED.

Defendants Shi Yong Wei and Lin Guang were convicted following a jury trial of conspiracy to commit extortion and multiple counts of substantive extortion. See 18 U.S.C. § 1951. Shi and Lin here appeal their amended sentences of 210 months' and 143 months' imprisonment, respectively, imposed after remand by this court. See United States v. Guang, 511 F.3d 110, 125 (2d Cir. 2007) (holding that district court erred in imposing six-level sentence enhancement applicable when extortion victim sustains permanent bodily injury). Defendants assert (1) error in the district court's Guidelines calculation on remand, and (2) substantive unreasonableness in their terms of incarceration. We review defendants' sentencing challenges under an abuse-of-discretion standard that "incorporates de novo review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact." United States v. Legros, 529 F.3d 470, 473-74 (2d Cir. 2008); see also United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). For a finding of fact to be clearly erroneous, we must be "left with the definite and firm conviction that a mistake has been committed." United States v. Cuevas, 496 F.3d 256, 267 (2d Cir. 2007) (internal

2

quotation marks omitted). We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). In applying these principles to this case, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    The Guidelines Calculation

Defendants submit that the evidence of victim injury was insufficient to support a three-level Guidelines enhancement pursuant to U.S.S.G. § 2B3.2(b)(4). We disagree. Section 2B3.2(b)(4) calls for a two-level enhancement for "bodily injury," defined as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, cmt. n. 1(B); see id. § 2B3.2 cmt. n. 1 (cross-referencing § 1B1.1). The same Guideline calls for a four-level enhancement for "serious bodily injury," defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." Id. § 1B1.1, cmt. n. 1(L).

In this case, the district court found that defendants sprayed one of their victims, Zhang Qing Hai, with a blinding liquid and beat him so severely that he lost consciousness. Upon Zhang's arrival at a hospital, his shirt was full of blood and he required stitches. Further, the district court found, based in part on its own observation, that, as a result of the assault,

3

Zhang's ability to read remained impaired for at least two and a half years, through defendants' trial. These factual findings, largely based on Zhang's trial testimony, were not clearly erroneous. See United States v. Cuevas, 496 F.3d at 267 (observing that factual findings based on witness testimony "are entitled to particular deference" since credibility assessment "is distinctly the province of the district court" (internal quotation marks and citation omitted)).[1] Such findings were sufficient to support "at least a three-level increase" in the offense-level calculation. Sentencing Tr. at 5; see United States v. Guang, 511 F.3d at 124 (collecting cases indicating that determination of injury level "presents a predominantly factual issue, which we review for clear error"). Where a victim has been beaten bloody and unconscious, requiring emergency hospitalization (even briefly) and stitches, any reasonable person would conclude that the injury caused "extreme physical pain." See United States v. Eubanks, 593 F.3d 645, 651 (7th Cir. 2010) (upholding three-level enhancement for injuries deemed "greater than . . . 'significant' but not quite 'serious'" where victim required four staples to close head wound and "almost lost consciousness" (emphasis added)); cf. United States v. Tavares, 93 F.3d 10, 16 (1st Cir. 1996) (observing that one-inch laceration requiring stitches and accompanied by "great deal of blood loss . . . might well be thought [sufficiently] serious" to warrant four-level enhancement for "serious bodily

---

[1] The fact that an ophthalmologist who examined Zhang more than five years after the assault could not conclusively determine the cause of the mild conjunctival scarring still evident in Zhang's eyes does not leave us with a definite and firm conviction that the district court was mistaken in finding it more likely than not that spraying Zhang's eyes with a blinding substance impaired his vision. See United States v. Martinez, 525 F.3d 211, 215 (2d Cir. 2008) (noting "judicial authority to find facts relevant to sentencing by a preponderance of the evidence" (internal quotation marks and alteration omitted)).

4

injury"). Similarly, where a person who has had a blinding liquid sprayed in his eyes manifests continued difficulty reading apparent to the district court more than two years later, a finding of protracted vision impairment is warranted.

Accordingly, we reject defendants' Guidelines calculation challenge as without merit.

2. Substantive Reasonableness

Equally meritless are defendants' claims that their sentences are substantively unreasonable. Shi's extortionate activities spanning a four-year period involved eight victims and the use (not simply the threat) of violence. Although Lin's crimes involved three victims, he too used actual violence. These circumstances by themselves preclude us from finding that the challenged sentences – within defendants' Guidelines ranges – are substantively unreasonable. See Rita v. United States, 551 U.S. 338, 347 (2007) (noting that Guidelines sentence "significantly increases the likelihood that the sentence is a reasonable one"); United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). Evidence that defendants made efforts to rehabilitate themselves in prison – e.g., by learning English – does not move the challenged sentences outside the broad range of reasonable punishments available to the district court. See United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

We have considered defendants' remaining arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5