11-4924-cr
United States v. Shahid

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand twelve.

PRESENT:  JON O. NEWMAN,
          RALPH K. WINTER,
          REENA RAGGI,
                    *Circuit Judges*.

-------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

          *Appellee*,

      v.                                No. 11-4924-cr

ABDUL SHAHID,

          *Defendant-Appellant*.

-------------------------------------------------------------------------------

FOR APPELLANT:       COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

FOR APPELLEE:        PAUL A. TUCHMANN (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 21, 2011, is AFFIRMED.

Abdul Shahid appeals from a judgment of conviction sentencing him principally to 15 months' imprisonment following a jury trial in which he was found guilty of two counts of giving false statements to a federal official, see 18 U.S.C. § 1001(a)(2), but was acquitted of bribery, see id. § 201(b)(1). On appeal, Shahid argues that (1) the district court's consideration of Shahid's relevant acquitted conduct in imposing sentence was constitutionally impermissible; and (2) the 15-month sentence, which was one-and-a-half times greater than the upper end of his Guidelines range, was procedurally and substantively unreasonable. We review Shahid's sentence under a "'deferential abuse-of-discretion standard,'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), which "incorporates de novo review of questions of law," United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks omitted), cert. denied, 131 S. Ct. 1698 (2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Acquitted Conduct

At sentencing, Shahid recognized that the court was permitted to make findings regarding his acquitted conduct, and did not object on constitutional grounds to the court's finding that Shahid bribed a public official. Thus, Shahid's claim on appeal is subject to plain error review. See United States v. Dupes, 513 F.3d 338, 343 (2d Cir. 2008). Even if

2

we were to review Shahid's claim <u>de novo</u>, however, his argument would still fail because the district court committed no error of law.

As Shahid acknowledges, we have previously considered and rejected arguments that the Fifth Amendment's Due Process Clause and the Sixth Amendment right to a jury trial prohibit consideration of acquitted conduct in deciding on a sentence within the minimum and maximum statutory range for the crime of conviction. <u>See</u> <u>United States v. Martinez</u>, 525 F.3d 211, 215 (2d Cir. 2008); <u>United States v. Vaughn</u>, 430 F.3d 518, 527 (2d Cir. 2005). Rather, we have held that the Fifth and Sixth Amendments permit a district court to consider relevant acquitted conduct proved by a preponderance of the evidence, provided that the court "does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence . . . not authorized by the verdict." <u>United States v. Vaughn</u>, 430 F.3d at 527; <u>accord</u> <u>United States v. Johnson</u>, 507 F.3d 793, 797 (2d Cir. 2007). We are bound by the prior decisions of this court unless and until those precedents are reversed <u>en banc</u> or by the Supreme Court. <u>See</u> <u>United States v. Jass</u>, 569 F.3d 47, 58 (2d Cir. 2009). For that reason, we cannot accept Shahid's arguments that those precedents were wrongly decided.

Further, although Shahid challenges the validity of our prior decisions rather than the district court's compliance with them, we note that the district court's consideration of Shahid's acquitted conduct was consistent with our articulation of Fifth and Sixth Amendment principles at sentencing. The district court found by a preponderance of the

3

evidence that Shahid engaged in bribery; considered that conduct in weighing the 18 U.S.C. § 3553(a) sentencing factors and ultimately varying upward from Shahid's Guidelines range; and never used the acquitted conduct to adjust Shahid's maximum or minimum statutory sentence, which would have been constitutionally impermissible. See United States v. Vaughn, 430 F.3d at 527.

Accordingly, we reject Shahid's argument that the district court's consideration of acquitted conduct violated his constitutional rights.

2.    Reasonableness

Shahid contends that his 15-month sentence, which represented more than double the upper end of his zero-to-six month Guidelines range, is procedurally and substantively unreasonable insofar as it relies on the district court's finding that Shahid committed bribery. We are not persuaded.

First, Shahid is incorrect when he suggests that the district court imposed an upward variance solely because of Shahid's relevant acquitted conduct. Rather, the district court found that a higher sentence was warranted by the need to deter Shahid from his habit of "try[ing] to game the system where opportunities present themselves." Sentencing Tr. 18. The court found this evidenced not only by the crime of conviction, making false statements to federal investigators, but also by Shahid's lies to the jury and the court at trial about that conduct and the related bribery. Indeed, the bribery put the crime of conviction in context, making clear that the false statements were not isolated violations but part of a larger pattern of criminality. This was appropriate information for the district court to consider in deciding

4

Shahid's sentence for the false statements crime. See 18 U.S.C. § 3661 (proscribing limitation on "information concerning the background, character, and conduct" of defendant that district court may consider in selecting appropriate sentence).

We further reject Shahid's contention that the upward variance was unreasonable because the trial evidence of bribery was weak. In fact, the government offered direct evidence from the immigration official who took payments from Shahid. The district court found this witness credible, and we accord substantial deference to that finding. See United States v. Jones, 531 F.3d 163, 171 (2d Cir. 2008); United States v. Cuevas, 496 F.3d 256, 267 (2d Cir. 2007). The fact that a jury did not find this testimony sufficient to prove Shahid guilty of bribery beyond a reasonable doubt did not preclude the district court from finding the bribery proved by a preponderance of the evidence. See, e.g., United States v. Vaughn, 430 F.3d at 521, 526–27 (upholding sentencing judge's authority to find that preponderance finding that drug quantity attributable to defendant was higher than weight attributed by jury). Insofar as Shahid urges that acquitted conduct must be proved by a standard greater than a preponderance, see United States v. Treadwell, 593 F.3d 990, 1000 (9th Cir. 2010) (stating that acquitted conduct must be proved by clear and convincing evidence at sentencing), that argument is foreclosed by our decision in Vaughn, 430 F.3d at 527.

In the absence of procedural error, whether factual or otherwise, we may set aside Shahid's sentence only if it is substantively unreasonable, which occurs only in the exceptional instance where "the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks

omitted). That is not this case. The sentence imposed was adequately supported by the district court's findings of Shahid's relevant acquitted conduct and continued lack of candor with the court, its determination that specific deterrence required an above-Guidelines sentence, and its conclusion that a sentence of greater than 15 months would impose a hardship on Shahid and his family and would be more than necessary to achieve the ends of sentencing.

3.      Conclusion

Because the district court committed no error of law in considering Shahid's relevant acquitted conduct, and imposed a sentence that was neither procedurally nor substantively unreasonable, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court