17-2297-cr
*United States v. Swartz*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              No. 17-2297-cr

CHRISTOPHER SWARTZ,

*Defendant-Appellant*.

| | |
|---|---|
| For Defendant-Appellant: | James M. Branden, Law Office of James M. Branden, New York, NY. |
| For Appellee: | Richard E. Zuckerman, Principal Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Stan Okula, Gregory Victor Davis, Katie Bagley, Attorneys, Tax Division, |

1

Department of Justice, Washington, DC; Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Christopher Swartz appeals from a judgment of conviction entered July 19, 2017 for one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of tax evasion in violation of 26 U.S.C. § 7201. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.      Evidentiary Hearing

In a counseled brief, Swartz argues that the district court erred in not holding an evidentiary hearing prior to imposing sentence. But the record is clear that the district court specifically asked Swartz whether he sought an evidentiary hearing prior to sentencing and Swartz, through counsel, informed the court that such a hearing was "unnecessary." Supp. App'x 1.[1] Although only a defendant can waive certain rights such as the right to counsel or the right to appeal, it is well established that actions involving "strategic and tactical matters" can be waived by counsel. *United States v. Plitman*, 194 F.3d 59, 63 (2d Cir. 1999). As the question of whether to present additional evidence at sentencing involves quintessentially tactical considerations, *see, e.g.*, *United States v. Broxmeyer*, 699 F.3d 265, 279 (2d Cir. 2012), Swartz waived any right he

---

[1] Specifically, Swartz's counsel wrote: "Given the voluminous sentencing memoranda submitted in this matter, we respectfully submit that an evidentiary hearing is unnecessary and request that the sentencing proceed on July 12, 2017, as originally scheduled." Supp. App'x 1.

may have had to an evidentiary hearing, *see United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) (explaining that a true waiver negates "even plain error review").

## II. Guidelines Calculation

Swartz also challenges various enhancements—based on the loss amount of his fraud, the number of his victims, and the amount of his unpaid tax obligations—applied by the district court in calculating the applicable sentencing range under the U.S. Sentencing Guidelines (the "Guidelines").

### A. Loss Amount

Swartz received a 20-point offense level increase under the guidelines because the amount of his victims' losses was between $9.5 million and $25 million. In applying this enhancement, the district court adopted the findings of the Probation Office regarding loss amount. We note as an initial matter that a "district court's factual findings at sentencing need be supported only by a preponderance of the evidence, and such findings may be overturned only if they are clearly erroneous." *United States v. Ryan*, 806 F.3d 691, 694 (2d Cir. 2015).[2] The loss calculations here were based on extensive victim impact statements, financial records, grand jury testimony, and promissory notes signed by Swartz. These documents demonstrate that the victims' losses clearly exceeded $9.5 million. Accordingly, even if the district court erred in calculating over $20 million in victims' losses, the error was harmless. *See United States v. Corsey*, 723 F.3d 366, 375 & n.5 (2d Cir. 2013) (finding that the district court "fulfilled its duty to calculate the Sentencing Guidelines sufficiently fully to determine the correct recommended

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

period of incarceration" and that therefore any misstep in "arriving at that determination . . . did not constitute reversible error").[3]

## B. Number of Victims

Swartz argues that, because his fraud involved "sophisticated lenders" whose transactions were monitored by attorneys and certified public accountants, and because the loans at issue were solicited through brokers, he had "no reason to believe that the lenders were vulnerable." Appellant's Supp. Br. at 7-8. But the district court did not enhance Swartz's sentence under U.S.S.G. § 3A1.1(b), which requires the district court to find that the defendant "knew or should have known that a victim of the offense was a vulnerable victim." Rather, the district court enhanced Swartz's sentence under U.S.S.G. § 2B1.1(b)(2), which required the district court to find that Swartz's fraud had more than ten victims and that it resulted in substantial financial hardship to five or more victims. This enhancement did not require the district court to make any findings regarding vulnerability.

## C. Tax Loss

Swartz argues that the loss the district court attributed to his tax evasion scheme was too high. But even assuming Swartz is right, his tax evasion count did not increase his offense level and, consequently, did not increase his Guidelines range. *See* U.S.S.G. § 3D1.4(c) (disregarding application of lower offense level when it is nine or more levels below top offense). Accordingly, even if the district court miscalculated the loss attributable to Swartz's tax evasion

---

[3] Swartz also argues that he diverted only $2.8 million for "personal use" and that, accordingly, $2.8 million is the correct loss amount. But the "Guidelines do not require loss to be offset by any legitimate expenditures," they require loss to be offset by only "money or property returned or services rendered." *United States v. Byors*, 586 F.3d 222, 226 (2d Cir. 2009); *see United States v. Turk*, 626 F.3d 743, 748 (2d Cir. 2010) (the loss amount is "the principal value of the loans [the victims] made to [defendant] which were never repaid").

4

scheme, its error was harmless. *See Corsey*, 723 F.3d at 375 (explaining that sentencing error is harmless where it has no effect on appellants' ultimate guidelines range).

## III. Reasonableness

Swartz contends that his sentence was both procedurally and substantively unreasonable, reasserting his arguments regarding loss amount and further arguing that the district court failed to consider that his "lulling payments" were good faith efforts to repay debts, that he employed hundreds of people over the course of 20 years, and that defendants convicted of similar conduct received average sentences of 63 months. We disagree.

Swartz's argument regarding his partial payments to creditors is without merit because he pleaded guilty to "lulling" his creditors to discourage them from taking legal action against him. Similarly, Swartz's contention that the district court failed to consider that he "employed hundreds of people" and was a "community leader," Appellant's Supp. Br. at 12, is wrong. At sentencing, the court acknowledged, for example, Swartz's "lengthy work history," App'x at 309, and his "good works in the community" *id.* at 308; *see generally id.* at 308-10. The record also belies Swartz's argument that the district court failed to consider the need to avoid unwarranted sentence disparities. *See id.* at 307 ("I have considered . . . the need to avoid unwarranted sentencing disparities."). Because the district court properly calculated the applicable Guidelines range, correctly identified a loss amount of at least $10 million, considered the § 3553(a) factors, and adequately explained its reasons for a below-guidelines sentence of 150 months, we conclude that its sentence was procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

5

## IV.  Relevant Conduct

Swartz next argues that the district court violated his due process rights and his right to be presumed innocent of conduct for which he was not convicted by considering uncharged conduct in determining his sentence. But it is well established that a district court's consideration of uncharged conduct as the basis for a sentence enhancement does not deny a defendant the presumption of innocence. *See United States v. Martinez*, 525 F.3d 211, 215 (2d Cir. 2008) (rejecting defendant's argument that district court's reliance on his use of a firearm in a separate offense to enhance his sentence "stripped" his presumption of innocence). Moreover, even a jury's acquittal "does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997); *see also United States v. Vaughn*, 430 F. 3d 518, 527 (2d Cir. 2005) ("[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct."). Accordingly, the district court's consideration of uncharged conduct here did not violate Swartz's rights.[4]

## V.  Judicial Fact Finding

Swartz next argues that the district court, by conducting judicial fact-finding and by relying on the Probation Office's presentence investigation report ("PSR"), violated his right to a fair trial and to due process. Specifically, Swartz contends that court personnel, in preparing the

---

[4] Swartz also argues that *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), overruled the Supreme Court's decision in *Watts* because, according to Swartz, it held that "due process entitles a defendant who has been acquitted, or whose conviction has been reversed on appeal, to a presumption of innocence." Appellant's Supp. Br. at 14. But *Nelson* did not address what type of evidence or conduct may be considered when a court sentences a defendant whose conviction is otherwise valid, and therefore *Nelson* is inapplicable here.

PSR, conducted improper fact-finding beyond the scope of his plea agreement, and that those facts were not supported by a preponderance of the evidence.

We disagree. District courts are permitted to find facts relevant to sentencing, even those beyond the scope of the plea agreement, if the facts are supported by a preponderance of the evidence, the sentence does not exceed the statutory maximum, and the district court treats the guidelines as advisory. *See Vaughn*, 430 F.3d at 527; 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Because the relevant findings here were supported by a preponderance of the evidence, Swartz's sentence was not based on materially false information, and the district court afforded Swartz "notice of and an opportunity to respond to" the facts in the PSR, Swartz's rights were not violated. *See Hili v. Sciarotta*, 140 F.3d 210, 215 (2d Cir. 1998).

## VI.     Ineffective Assistance of Counsel

Finally, Swartz argues that his trial counsel was ineffective for (1) waiving a statute of limitations defense; (2) failing to argue that the tax liability attributed to him belonged to his corporations; and (3) failing to adequately prepare for sentencing. The record on these questions, however, is not fully developed. Additional fact-finding is necessary to ascertain, for example, how many late documents were submitted before sentencing, the extent of defense counsel's review of those materials, and defense counsel's rationale for declining an adjournment. Swartz should therefore raise this issue in the district court as part of a subsequent petition for writ of habeas corpus. *See United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (explaining that when an ineffective assistance of counsel claim is raised on direct appeal, this Court may, inter alia,

7

"decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus"); *see also Massaro v. United States*, 538 U.S. 500, 505 (2003) (noting that the district court "is best suited to developing the facts necessary to determining the adequacy of representation").

We have considered all of Swartz's remaining contentions on appeal and have found in them no basis for vacatur. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

8